IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COBY JAMES MARLER<br><br>Defendant. | CR-06-87-GF-BMM<br><br>ORDER |

The Grand Jury indicted Coby James Marler on three counts of Felon in Possession of a Firearm or Ammunition, in violation of 18 U.S.C. § 922(g)(1) on September 7, 2006. (Doc. 1.) Marler pleaded guilty to Count I of the Indictment on January 10, 2007. (Doc. 19.) The Court sentenced Marler to fifty-seven months of imprisonment followed by three years of supervised release on May 1, 2007. (Docs. 23, 24.)

Marler served the final portion of his sentence at a Residential Reentry Center in California. (Doc. 37 at 2.) Marler began his period of supervision on August 30, 2018. *Id.* United States Probation for the Southern District of California accepted courtesy supervision of Marler. *Id.*

United States Probation for the District of Montana filed a petition to revoke

Marler's supervised release on January 15, 2019. (Doc. 38.) The petition alleges that Marler violated his conditions of supervised release by: (1) committing another federal, state, or local crime; (2) communicating or interacting with someone Marler knows is engaged in criminal activity; (3) failing to answer truthfully questions asked by Marler's probation officer; and (4) failing to follow the instructions of the probation officer that are related to Marler's conditions of supervision. *Id.* at 2-3.

United States District Court for the Southern District of California Magistrate Judge Barbara Major conducted a detention hearing in this matter on February 5, 2019. (Doc. 42 at 18.) Judge Major determined that Marler was a flight risk and no condition or combination of conditions existed that would reasonably assure Marler's appearance. *Id*. Judge Major ordered Marler be detained pending future proceedings. *Id*. Marler's attorney in California appealed Judge Major's detention order to the District Court for the Southern District of California. (Doc. 41 at 4.) The Court determined that it lacked jurisdiction to review Judge Major's order as jurisdiction lied with the District of Montana. *Id*.

Marler, through his counsel in Montana, moved this Court to revoke Judge Major's detention order on February 26, 2019. (Doc. 40.) Marler argues that the "allegations against him, to the extent they can even be sustained, are technical in nature." *Id*. at 12. Marler further claims that he does not a pose a danger to the

community or a risk of flight. *Id*. at 11. The Government opposed Marler's Motion to Revoke Detention Order. (Doc. 43.) The Government contends that Marler constitutes a flight risk as "he has no reason to stay in the Southern District of California" and that no condition or combination of conditions exist that will reasonably assure Marler's appearance in Montana. *Id*. at 12.

Judge Major issued a Warrant of Removal on March 7, 2019—approximately nine days after Marler filed his Motion to Revoke Detention Order, but one day before the Government filed its response. (Doc. 42-2.) The warrant of removal directs the United States Marshal Service in the Southern District of California to deliver Marler to the United States Marshall for the District of Montana, Great Falls Division. *Id*.

A case generally proves moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam) (citations omitted). Marler's motion to revoke Judge Major's detention order became moot once Judge Major issued the warrant to remove Marler to the District of Montana. Marler is currently in the extradition process. Marler, therefore, is no longer detained pursuant to Judge Major's order, but rather Marler is detained pursuant to the warrant for removal. The issue of whether Judge Major properly detained Marler no longer proves "live." *See Murphy*, 455 U.S. at 481. For the same reason, Marler lacks a legally

cognizable interest in the Court's determination of whether he should be detained or not. *See id*. Marler's motion must be denied as moot. Marler remains free, however, to request a detention hearing upon his arrival in the District of Montana.

Accordingly, IT IS ORDERED that Marler's Motion to Revoke Detention Order (Doc. 40) is DENIED AS MOOT. The Court will set hearings on the petition to revoke Marler's supervised release (Doc. 38) once the United States Marshalls notified the Court of Marler's return to the District of Montana, Great Falls Division. Marler remains free to file a motion for a detention hearing in the interim between his arrival in the District of Montana and his initial appearance on the petition to revoke.

DATED this 14th day of March, 2019.

Brian Morris
United States District Court Judge